UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE:

HUDSON VALLEY CARE CENTERS, INC.,                Case No.  05-16436
                                                 Chapter 11

                                           Debtor.
_____


**DEBTOR'S MOTION FOR AUTHORIZATION TO USE EXISTING
DEPOSITORIES, BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM**

Hudson Valley Care Centers, Inc.  (the "Debtor"), by and through its counsel, O'Connell and  Aronowitz, LLP, respectfully sets forth as follows:

1.      On September 13, 2005, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11, U.S.C. in the United States Bankruptcy Court for the Northern District of New York.  Since the Petition Date, the Debtor has continued in the management and operation of its business and assets as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      The Debtor respectfully seeks an Order pursuant to 11 U.S.C. § 1051(a), and in accordance with the rights, powers and duties afforded a debtor in possession under 11 U.S.C. 2207, authorizing it to maintain its existing depositories, bank accounts and cash management system for the purposes of collecting customer payments and deposits and paying its post-petition obligations for the duration of its bankruptcy case, and granting such other relief as the Court deems just and proper.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The venue of these proceedings in his District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtor is a New York corporation with its principal place of business located in Ghent, New York.

5. The Debtor owns and previously operated a one hundred twenty (120) bed skilled nursing facility known as Green Manor Nursing Home, forty (40) of which beds are certified as assisted living beds and a limited licensed home care agency located at premises known as Green Manor Health Care Complex (collectively, the "Facilities").

6. Prior to the Petition Date, the Debtor, in the ordinary course of its business maintained various depository, operating and payroll accounts (collectively, the "Accounts").

7. In addition to the foregoing, the Debtor has also established payroll accounts at Key Bank.

8. As set forth above, the Debtor seeks an Order pursuant to 11 U.S.C. § 105(1) authorizing it to maintain the existing Accounts and cash management system during the duration of its bankruptcy case.

9. The accounts are necessary and essential to maintain the ordinary flow of funds to satisfy post-petition, ordinary course of business obligations without disruption, and to allow the Debtor to concentrate its efforts on successfully administering its Chapter 11 estate.

10. The Debtor submits that the significant expense, delay and confusion that would result if the existing Accounts are closed, and its need to maintain smooth

operations during the pendency of its bankruptcy case, far outweigh the administrative requirement that the Debtor close all existing bank accounts and establish new accounts.

11. The Debtor shall immediately rename all Accounts as "Debtor in Possession" accounts, and shall add the legend "Debtor in Possession" or "D.I.P." to all checks issued from the Accounts.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court issue an Order authorizing the Debtor to maintain its existing depositories, Accounts and cash management system, for purposes of making deposits and paying its post-petition obligations for the duration of the case, together with such other and further relief which the Court deems just and proper.

Dated: Albany, New York
     September 13, 2005     O'CONNELL & ARONOWITZ

     By: /s/ MICHAEL D. ASSAF
        Michael D. Assaf, Esq.
     Attorneys for Debtor
     54 State Street
     Albany, New York 12207

G:\DATA\ATTORNEY\MDA\HUDSON VALLEY CARE CENTERS\MOTION TO USE DEPOSITORIES.DOC