UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
*In Re:*

Hudson Valley Care Centers, Inc.,

*Debtor.*
---------------------------------------------------------X

Case No.  05-16436

Chapter 11

## OBJECTION OF THE UNITED STATES TRUSTEE REGARDING MOTION FOR EMPLOYMENT OF ATTORNEY FOR THE DEBTOR-IN-POSSESSION

TO HONORABLE ROBERT E. LITTLEFIELD, JR.
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for the Northern District of New York respectfully submits this objection to the motion of the debtor seeking an order authorizing the retention of O'Connell and Aronowitz, Michael D. Assaf, Esq., of counsel, (hereinafter the applicant), as attorney for the debtor pursuant to 11 U.S.C. § 327(a) in the above-captioned case.  The hearing regarding this motion is returnable before the Court on **October 12, 2005 at 10:30 a.m. in Albany, New York.**

The United States Trustee has reviewed the application and for the reasons noted below respectfully states the following:

1.   The debtor commenced this case as Chapter 11 case by filing a voluntary petition on September 13, 2005.

2.   The debtor seeks the retention of an attorney for the purpose of representing them in this Chapter 11 case.

3.   The applicant has attached as an exhibit a "retainer agreement" dated September 7, 2005.  The letter is representative of the contract for services between the debtor and the applicant.  In the agreement the applicant states that the debtor will be billed on a monthly basis, but not less frequently than every 60 days.  Balances are due within 30 days of the date of the invoice or billing statement.

4.   The United States Trustee has no objection to the applicant's appointment based upon the terms regarding the payment of fees for the reason that it is indicated in the agreement that

fees will only be paid upon application to and approval of the Bankruptcy Court. The United States Trustee asserts that the proposed order submitted in connection with this motion should contain language to this effect.

5. The retainer agreement includes a statement that a retainer in the amount of $25,000.00 was to be paid to the applicant upon commencement of the applicant's representation of the debtor in this case.

6. The United States Trustee objects to the employment of the applicant for the reason that the source of the retainer which was paid is not disclosed in the retainer agreement. The payment of the retainer may be utilizing funds of the estate that may adversely affect the debtor's ability to operate post-petition. In addition, the payment may constitute funds ("cash collateral") that are subject to the security interest of a creditor. Further, if the debtor drew against a line of credit, etcetera, with the creditor's consent, then effectively the creditor is the applicant's paymaster. Such a situation may or may not present a disabling interest. However, the present application lacks sufficient detail to allow a resolve of the issue.

**WHEREFORE**, based on the foregoing, the United States Trustee respectfully requests that the Court

a. deny the appointment of the applicant under the terms of the proposed fee arrangement with respect to the source of the payment of the retainer. It is requested that a supplemental affidavit be provided to address this issue; and

b. grant such other and further relief that the Court may deem just and proper.

DATED:        October 6, 2005
              Albany, New York.

Respectfully submitted,

DEIRDRE A. MARTINI
UNITED STATES TRUSTEE

*/s/Kevin Purcell*

Kevin Purcell, Esq.
Trial Attorney
74 Chapel Street, Suite 200
Albany, New York 12207
Telephone: (518) 434-4553

To:    Michael D. Assaf, Esq.

Hudson Valley Care Centers, Inc.